UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD GARDNER,

        Plaintiff,

Case No. 1:24-cv-482

Hon. JANE M. BECKERING

v.

NATIONAL CREDIT SYSTEMS, INC,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Todd Gardner against defendant National Credit Systems, Inc. of Atlanta, Georgia. For the reasons set forth below, this complaint should be dismissed.

**I.  Discussion**

*Pro se* plaintiff has filed a complaint pursuant to "15 U.S. Code Subchapter III" (Credit Reporting Agencies, 15 U.S.C. §§ 1681 *et seq*.) and "15 U.S. Code Subchapter V" (Debt Collection Practices, 15 U.S.C. §§ 1692 *et seq*.). Compl. (ECF No. 1, PageID.3). Plaintiff set out his claim as follows:

> National Credit System failed to follow the federal laws as outlined in the FCRA and FDCPA. Because they are a third party I had no obligation to pay and National Credit System Inc is not licensed in the State of Michigan. I have filed numerous complaints with the attorney general and consumer protection bureau.

*Id*. at PageID.4.

For the amount in controversy, plaintiff states:

> National Credit System Inc has failed to follow federal law when it comes to debt collection, because of their illegal attempts to collect I have been harmed and my consumer report damaged I am seeking $75,000 in damages.

*Id*.  Plaintiff seeks relief in the form of "compensatory, statutory, and punitive damages."  *Id*.

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 4).  For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]"  In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).  In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Here, plaintiff does not identify a specific statutory violation or any facts to support a legal claim against defendant National Credit System, Inc. Plaintiff's cryptic allegations consist of nothing more than "an unadorned, the - defendant - unlawfully - harmed - me accusation" which is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. (internal quotation marks omitted). Accordingly, the complaint should be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated:  May 10, 2024                /s/ Ray Kent
                                    RAY KENT
                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).